HARPER VS UNITED STATES.

Opinion rendered Sept. 26, 1907.

(104 S. W. Rep. 673).

1. *National Banks and Banking Offenses of Officers—False Entries—Indictment.*

U. S. Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497) makes it a crime for any officer of a national banking institution to make a false entry in a report or statement of the banking business, intending to defraud or deceive the bank or examiner appointed by it. The indictment which alleged that accused was duly qualified and acting cashier of said bank; that described the false entry made by him with intent to deceive the duly elected, and acting president, that he made a false entry in the report to the Comptroller of Currency was held sufficient.

2.  *Same.*

>   In above indictment it was unnecessary to allege that the report containing false entry was made by the association as only the person making the false entry is held responsible for the crime and not the association. Neither was it necessary to state that the report was one required by law.

3.  *Same—What is Included in Report.*

>   The schedule on the back of the report if included in the same affidavit as the rest is a part of the report.

4.  *Indictment—Intent of Same.*

>   An indictment which charges that a false entry was made in order to deceive a certain person it is held sufficient to prove that the act would deceive him.

5.  *Criminal Law—Previous Reputation.*

>   In a prosecution against a bank official for falsifying a report, his previous reputation and conduct are held immaterial as to any effect upon the case on trial.

Error to the United States Court for the Northern District of the Indian Territory, before Justice Joseph A. Gill; November 4, 1905.

S. D. Harper was convicted under U. S. Rev. St. § 5209 (U. S. Comp. St. 1901, p. 3497), of making false entries in a report, and brings error.    Affirmed.

On October 15, 1904, an indictment was returned against defendant, as follows: "The grand jurors    *    *    *    do find, present, and charge that on the 14th day of February, A. D. 1903, and within the Northern District of the Indian Territory, one S. D. Harper, being then and there the duly elected, qualified, and acting cashier of the First National Bank of Miami, Indian Territory, a corporation duly organized and existing under and by virtue of the laws of the United States in force in the Indian Territory, unlawfully and feloniously and with the unlawful and felonious intent in him, the said S. D. Harper, then and there to deceive one E. B. Frayser, the said E. B. Frayser being then and there the duly elected, qualified, and acting president of the said First National Bank, did make a certain false entry in a certain report showing the resources and liabilities of said First National Bank on the

6th day of February, A. D. 1903, to the Comptroller of the Currency by then and there stating in said report that the liability of him, the said S. D. Harper, as payer to the said First National Bank, was the sum of thirty-four hundred and seventy ($3,470) dollars, whereas, in truth and in fact, the liability of him, the said S. D. Harper, as aforesaid, was in the sum of fifty-four hundred and ninety-five (5,495) dollars, and the grand jurors aforesaid, upon their oaths aforesaid, do find, present, and charge that he, the said S. D. Harper, then and there well knew and believed the said liability of him, the said S. D. Harper, as payer to the said First National Bank, on said 6th day of February, A. D. 1903, as aforesaid, was then and there in the amount of fifty-four hundred and ninety-five dollars, contrary," etc. On October 9, 1905, defendant filed his demurrer to the indictment, which was by the court overruled, to which defendant duly, excepted, and on the same day the case came on for trial, and the jury returned into court a verdict of guilty as charged in the indictment. On October 13, 1905, defendant filed motions in arrest of judgment and for a new trial, both of which were by the court overruled, whereupon defendant sued out this writ of error.

*Chas. B. Rogers*, for plaintiff in error.

*W. S. Stanfield*, U. S. Atty., and *O. L. Rider*, Asst. U. S. Atty.

TOWNSEND, J. (after stating the facts as above). Plaintiff has filed 11 assignments of error, of which only the first, third, fourth, and fifth are argued.

The first assignment is that the matters charged in this indictment do not constitute a crime by the common law or under any statute of the United States. This indictment is brought under the provisions of section 5209, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3497), being a portion of the national banking act. The section is as follows: "Every president, director, cashier, teller, clerk or agent of any association who

embezzles, abstracts, or wilfully misapplies any of the moneys, funds or credits of the association; or who, without authority from the directors, issues or puts in circulation any of the notes of the association; or who without such authority issues or puts forth any certificate of deposit, draws any order or bill of exchange, makes any acceptance, assigns any note, bond, draft, bill of exchange, mortgage, judgment or decree; or who makes any false entry in any book, report or statement of the association, with intent in either case to injure or defraud the association, or any other company, body politi or corporate, or any individual person, or to deceive any officer of the association, or any agent appointed to examine the affairs of such association; and every person who, with like intent, aids or abets any officer, clerk or agent, in any violation of this section shall be deemed guilty of a misdemeanor, and shall be imprisoned not less than five years, nor more than ten." In considering an indictment drawn under section 5209, the Supreme Court of the United States, in U. S. vs Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520, says that the following averments were necessary: "(1) That the accused was the president or other officer of a national banking association which was carrying on a banking business; (2) that, being such president or other officer, he made in a book, report, or statement of the association, describing it, a false entry, describing it; (3) that such false entry was made with intent to injure or defraud the association, or to deceive any agent, describing him, appointed to examine the affairs of the association; and (4) averments of time and place." And in Cochran & Sayre vs United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704, it is said: "But the true test is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar

offense, whether the record shows with accuracy to what extent he may plead a former acquittal· or conviction." Testing the indictment by the above rules, it will be seen, first, that the defendant Harper plaintiff in error here is alleged to have been "the duly elected, qualified, and acting cashier of the First National Bank of Miami, Indian Territory;" second, "the said S. D. Harper    *    *    *    did make a certain false entry in a certain report," describing it; third, that said false entry was made "to deceive one E. B. Frayser, the said E. B. Frayser being then and there the duly elected, qualified and acting president of the said First National Bank;" fourth, averments of time and place; "that on the 14th day of February, A. D. 1903," he made a certain false entry in a report, "showing the resources and liabilities of said First National Bank on the 6th day of February, 1903, to the Comptroller of the Currency." With this test, the indictment on its face complies with the requirements laid down in U. S. vs Britton, supra; but it is contended by counsel for plaintiff in error, first, that·the indictment does not sufficiently state that the defendant was carrying on a business at the time alleged. It appears from the indictment, however, that on the 14th day of February, 1903, the First National Bank of Miami was a corporation duly organized and existing, with a qualified and acting president and cashier, and that on that date the cashier made a certain report to the Comptroller of the Currency. It seems to us that this is a sufficient allegation. And, even if the bank had been defunct, would not the making of a false entry in a book, report, or statement of the association be just as much a violation of the statute as if the bank were in full operation? It is the making of the false entry with the intent to deceive that is the gravamen of the offense.

Plaintiff in error next contends that the indictment must show "that the report in which the false entry is alleged to have been made is one made by the association." In Cochran

& Sayre vs United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704, in which the indictment was also under the provisions of section 5209, plaintiffs in error in that case were in the same attitude as plaintiff in error in this case. The court there says: "The argument of the defendants assumes that the making of the entry and the making of the report are the same thing, whereas, in fact they are wholly different. By section 5211 the report must be made by the association, and must be verified by the oath or affirmation of the president or cashier, and attested by the signature of at least three of the directors. But, under section 5209, there is no penalty affixed to the association or its officers for making a false report, nor to the president or cashier for verifying such report. The penalty imposed by section 5209 is affixed to the one who makes any false entry in any book, report, or statement of the association, and that penalty is applicable to any officer or agent of the bank who actually makes the entry with intent to injure or defraud, or to deceive any agent appointed to examine the affairs of any such association."

Plaintiff in error next contends that the indictment must show that the report in which the false entry is alleged to have been made is one required by law to be made. This is answered by the Supreme Court of the United States in U. S. vs Britton, supra, as follows: "It is urged that these counts are defective because they do not contain an averment that the false entry was made 'in an account of and in due course of business of the bank'  Neither of these averments is required by the statute." It is sufficient that it be a report intended to deceive the association or any of the persons mentioned in the statute, for it must be always borne in mind that the making of the report and the making of the entry are two different things. Cochran & Sayre vs U. S., supra. The indictment, in our judgment, is sufficient.

The third assignment of error is as follows: "That the

matters in testimony tending to prove which was given before Hon. Joseph A. Gill, judge of the District Court for the Northern District of the Indian Territory, in the above matter, do not constitute a crime against the common law or any statute of the United States." Under this assignment, counsel for plaintiff in error says that, because the false entry occurs in the schedule on the back of the report, it is therefore not a false entry in the report. The testimony of the witness Lykens shows: "Q. On the back of this paper I find a schedule headed, 'Liabilities of Officers and Directors.' Will you examine that, and tell me in whose handwriting the writing is in that schedule? A. S. D. Harper's." It appears also from the affidavit to the report that "the schedules on the back of the report represent the true state of the several matters contained therein." We do not believe counsel's contention is tenable. It does not seem to us there is any question but that the schedule upon the back of the report, especially in view of the fact that it is covered by the same affidavit as the rest of the report, is as much a part of the report as any other portion of it. That being true, a false entry on the back of the report would deceive the president of the bank or any other person, as well as if it was made on the first page of the report. It is true that it must be shown that the defendant made a false entry for the purpose of deceiving E. B. Frayser, as charged in the indictment. The rule is stated by 3 Greenleaf on Evidence, § 18, as follows: "But in the proof of an intent to defraud a particular person it is not necessary to show that the prisoner had that particular person in his mind at the time. It is sufficient if the act done would have the effect of defrauding him, for the law presumes that the party intended to do that which was the natural consequence of his act." The jury could not look into the heart of the defendant and determine his intent, but it is their duty to examine the surrounding circumstances, and therefrom to arrive at their conclusion.

The fourth assignment of error is as follows: "Error was made by the court in refusing to allow the defendant to prove, and refusing to allow the testimony of W. P. Gatewood, as to the moral character of the defendant, the same being as to the general reputation of the defendant in the neighborhood where he had resided for morality, over the objection and exception of the defendant at the time made, the said W. P. Gatewood being a witness sworn and produced in said cause and otherwise qualified to testify." The record shows that the witness Gatewood was asked this question by counsel for plaintiff in error: "Q. Are you acquainted with his general reputation in the neighborhood during the time he resided here for morality and sobriety?" Objection was made to this question, and sustained, and the question is as to the admissibility of evidence as to morality and sobriety in this case. There seems to be no doubt but that the questions should have been confined to the reputation of the defendant for honesty. His reputation for morality and sobriety is not involved in this case. Possibly the presumption of dishonesty might be greater in the case of one who was immoral and a drunkard than in the case of one who was moral and temperate; but one may be both immoral and a drunkard and still be honest in financial matters. In 3 Greenleaf on Evidence, § 25, it is said: "The evidence, when admissible, ought to be restricted to the trait of character which is in issue, or, as it is elsewhere expressed, ought to bear some analogy and reference to the nature of the charge; it being obviously irrelevant and absurd on a charge of stealing to inquire into the prisoner's loyalty, or, on a trial for treason, to inquire into his character for honesty in his private dealings." It is a well-established rule that the charge of the court must be considered as a whole, and, if the particular portion complained of is cured by other portions of the charge, then the part complained of will not be held to be error.

It is assigned as error that the court instructed the jury

as follows: "If the defendant made up that statement and swore to it for the purpose of deceiving the president and the Comptroller and the other officers of the bank, it is your duty to convict that man." But in a prior portion of the charge the court had instructed the jury as follows: "Before the government can expect conviction in this case, it must show to the jury by evidence which shall satisfy you beyond a reasonable doubt that within the Northern District of the Indian Territory, and on or about the 14th day of February, 1903, S. D. Harper, the defendant, was the cashier of the First National Bank of Miami; that on the 6th day of February, 1903, he made a report of the condition of the bank to the Comptroller of the Currency, which report contained certain false entries with reference to his personal liabilities to the bank, with intent to deceive E. B. Frayser, the president of the bank, by stating in said report that his liabilities to the bank were only $3,470, whereas, at the time his liabilities to the bank were $5,495. These allegations must be proven to your satisfaction, by evidence, beyond a reasonable doubt." We do not think the jury could have been misled by the portion of the charge complained-of, and that hence the fifth assignment is not well taken.

The arguments made by plaintiff in error in his brief, and the authorities cited, are all made and cited upon the errors hereinbefore considered, and, as to all the other assignments, we are referred to the arguments and authorities thus considered. In our judgment, there being no material error in the judgment of the court below, it is hereby affirmed.

CLAYTON and LAWRENCE, JJ., concur.